IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Margoth Lara Soriano and Cresensio Rodriguez Valle,
Plaintiffs

v.

Marathon Systems, Inc. and Richard L. Mock,
individually, Defendants

## COMPLAINT

Margoth Lara Soriano and Cresensio Rodriguez Valle (collectively "Plaintiffs") pursuant to 29 U.S.C. § 201 et seq., the Fair Labor Standards Act ("FLSA"), 820 ILCS § 105/1 et seq., the Illinois Minimum Wage Law ("IMWL"), and 820 ILCS §115/4 *et seq*, commonly known as the Illinois Wage Payment and Collection Act ("IWPCA") complains against Marathon Systems, Inc. and Richard L. Mock, (collectively, "Defendants"), and state:

## Introduction

1. Minimum and overtime wages are required by the FLSA and the IMWL.

2. This action seeks redress for Defendants' failure to pay Plaintiffs earned overtime wages.

3. Plaintiffs are former employees of the Defendants' and were not paid their earned minimum and overtime wages.

## Jurisdiction and Venue

4. 28 U.S.C. § 1331 provides the Court jurisdiction over Plaintiffs' FLSA claims.

5. 28 U.S.C. § 1337 provides the Court supplemental jurisdiction over Plaintiffs' state claims.

6. Venue is properly placed in this judicial district because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

## Facts

7. Defendants own and operate Marathon Systems, Inc. within the three years preceding the filing of this complaint.

8. Richard L. Mock resides in and is domiciled in Wind Lake, Wisconsin, which is located in the Eastern District of Wisconsin.

9. Richard L. Mock is the owner of Marathon Systems, Inc. and is involved in the day-to-day business operations of Marathon Systems, Inc. and has the authority to: (1) hire and fire employees, (2) direct and supervise employee job functions, (3) sign on the business's checking and payroll accounts, and (4) participate in decisions regarding employee compensation and capital expenditures.

10. Marathon Systems, Inc. is as an enterprise under 29 U.S.C. § 203(r)(1).

11. Marathon Systems, Inc. is engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

12. Marathon Systems, Inc. had annual gross sales of $500,000.00 or more during the last three years.

13. Defendants were Plaintiffs' employer as defined by the FLSA and IMWL.

14. Plaintiffs were Defendants' employees as defined by the FLSA and IMWL.

15. Plaintiffs were employed by Defendants in Cook County, which is in this judicial district.

16. Plaintiff Lara Soriano worked for Defendants from January 2013 to November 2016.

17. Plaintiff Rodriguez Valle worked for Defendants from January 2010 to November 2016.

18. Plaintiffs' job functions included cleaning establishments that hired the Defendants to provide cleaning services.

19. Defendants failed to pay Plaintiffs for their last two weeks of work.

20. Defendants paid Plaintiffs in check throughout their employment.

## COUNT I: FLSA Overtime Wage Violation

21. Plaintiffs incorporate all paragraphs above as if fully restated below.

22. Plaintiffs' notices of consent to become party Plaintiff in an action under the Fair Labor Standards Act is attached hereto as Exhibit A and Exhibit B.

23. Plaintiffs were directed by Defendants to work more than forty (40) hours per week.

24. Throughout the course of Plaintiffs' employment with Defendant, Plaintiffs worked more than forty (40) hours weekly in one or more individual work weeks.

25. Defendants did not pay Plaintiffs overtime wages at a rate of one and one-half the regular rate for all hours worked over forty each week.

26. Plaintiffs' wages were not based on the number of jobs performed or completed, nor were they based on the quality or efficiency of job performance.

27. Plaintiffs are not exempt from the overtime provisions of the FLSA.

28. Defendants' failure to pay overtime violated the FLSA.

29. Defendants' FLSA violation was willful.

30. Plaintiffs are entitled to recover unpaid overtime wages for up to three (3) years before the filing of this lawsuit.

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs over forty (40) hours in individual work weeks;

B. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

C. Declare Defendants to be in violation of the FLSA;

D. Enjoin Defendants from violating the FLSA;

E. Award reasonable attorneys' fees and costs; and

F.  Grant such additional or alternative relief as this Court deems just and proper.

## COUNT II: IMWL Overtime Wage Violation

31. Plaintiffs incorporate all paragraphs above as if fully restated below.

32. This Count arises from Defendants' failure to pay its employees all earned overtime wages in violation of the IMWL.

33. The IMWL requires that employers pay each employee one and one-half times their hourly rate of pay for all hours worked in excess of forty (40) hours per week.

34. Defendants directed Plaintiffs to work more than forty (40) hours in individual work weeks.

35. Plaintiffs worked more than forty (40) hours in individual work weeks.

36. Defendants did not pay earned overtime wages to the Plaintiffs.

37. Plaintiffs were not exempt from overtime wages.

38. Defendants violated the IMWL by failing to compensate Plaintiffs consistent with the IMWL's overtime wage provisions.

39. Defendants violated the IMWL by failing to pay Plaintiffs overtime wages for all hours worked in individual work weeks.

40. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three (3) years before the filing of this suit.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A.  Enter a judgment in the amount of overtime wages due to Plaintiffs under the IMWL;

B.  Award Statutory damages pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C.  Declare that Defendants have violated the IMWL;

D.  Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT III: FLSA Minimum Wage Violation

41. Plaintiffs incorporate all paragraphs above as if fully restated below.

42. Plaintiffs' notices of consent to become party Plaintiff in an action under the Fair Labor Standards Act is attached hereto as Exhibit A and Exhibit B.

43. This count arises from Defendants' willful violations of the FLSA, for their failure to pay minimum wages to Plaintiffs while working for Defendants' business.

44. During the relevant employment period, the minimum wage in Illinois was $8.25 per hour.

45. In one or more individual weeks, Defendants failed to pay Plaintiffs their earned minimum wages at a rate of at least $8.25 per hour.

46. Plaintiffs were not exempt from the minimum wages provisions of the FLSA.

47. Plaintiffs are due unpaid minimum wages and liquidated damages.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A. Enter a judgment in the amount of unpaid minimum wages for all time worked by Plaintiffs;

B. Award liquidated damages in an amount equal to the amount of unpaid minimum wages;

C. Declare Defendants to be in violation of the FLSA;

D. Enjoin Defendants from violating the FLSA;

E. Award reasonable attorneys' fees and costs; and

F. Grant such additional or alternative relief as this Honorable Court deems just and proper.

## COUNT IV: IMWL Minimum Wage Violation

48. Plaintiffs incorporate all paragraphs above as if fully restated below.

49. Plaintiffs were not exempt from minimum wages.

50. This count arises from Defendants' violations of the IMWL, for their failure to pay minimum wages to Plaintiffs while working for Defendants' business.

51. Defendants violated the IMWL by failing to compensate Plaintiffs consistent with the IMWL's minimum wage provisions.

52. During the relevant employment period, the minimum wage in Illinois was $8.25 per hour.

53. In one or more individual weeks, Defendants failed to pay Plaintiffs their earned minimum wages at a rate of at least $8.25 per hour.

54. Plaintiffs were not exempt from the minimum wages provisions of the FLSA.

55. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid minimum wages for three (3) years before the filing of this suit.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A. Enter a judgment in the amount of minimum wages due to Plaintiffs under the IMWL;

B. Award Statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT VI – IWPCA Violation

56. Plaintiffs incorporate all paragraphs above as if fully restated below.

57. This count arises under the IWPCA, for Defendants' failure and refusal to pay Plaintiffs all wages earned during all time worked for Defendants at the rate agreed to by the parties.

58. During the course of their employment with Defendants, Plaintiffs had an agreement within the meaning of the IWPCA to be compensated for all hours worked at the rate agreed to by the parties.

59. In one or more individual work weeks, Defendants did not pay Plaintiffs for all hours worked at the rates agreed to by the parties.

60. Plaintiffs were entitled to be compensated for all time worked as agreed between the Plaintiffs and Defendants.

61. Defendants' failure to pay Plaintiffs for all time worked violated the IWPCA.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A. Enter a judgment in the amount of all unpaid wages due to Plaintiffs as provided by the IWPCA;

B. Award Statutory damages as provided for by the IWPCA;

C. Declare that Defendants have violated the IWPCA;

D. Enjoin Defendants from violating the IWPCA;

E. Award reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted on Thursday, March 9, 2017.

_____

**Bryan Pacheco**
*Counsel for the Plaintiffs*

Consumer Law Group, LLC
6232 North Pulaski Road
Suite 200
Chicago, Illinois 60646
312-878-1263
bpacheco@yourclg.com